IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY COLE BENNETT | § | |
| | § | |
| V. | § | A-16-CV-417-LY |
| | § | |
| CHERON Y. NASH, WARDEN, | § | |
| FCI, BASTROP | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Jeffrey Cole Bennett's Petition for Writ of Habeas Corpus filed on April 12, 2016 (Dkt. No. 1); Warden Cheron Nash's Response, filed August 17, 2016 (Dkt. No. 17); and Bennett's Reply filed September 7, 2016 (Dkt. No. 21).  The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

Petitioner Jeffrey Cole Bennett, Federal Register Number 15124-041 is currently confined at FCI Bastrop in Bas trop, Texas.  Bennett complains that he is entitled to consideration for immediate placement in a Residential Reentry Center (RRC) or home confinement since he has satisfied the requirements of 18 U.S.C. § 3621(e)(2)(A), the Residential Drug Abuse Program (RDAP). He cites *Toole v. Krueger*, 2012 WL 6621681 (D. Minn. Dec. 19, 2012), in support. For the reasons set forth below, the Court finds that Bennett's contentions are without merit.

## II. ANALYSIS

Bennett's petition fails to state a valid claim for habeas corpus relief. Bennett argues that pursuant to the holding in *Toole v. Krueger*, 2012 WL 6621681 (D. Minn. Dec. 19, 2012), the BOP must consider him for immediate placement in an RRC or home confinement since he has completed RDAP. Bennet is currently scheduled for placement in an RRC on October 27, 2016.

Section 3624(c)(1) governs pre-release RRC placements. The Second Chance Act amended 18 U.S.C. § 3624(c). The Second Chance Act permits the BOP to consider placing inmates nearing the end of their sentences in pre-release community confinement. 18 U.S.C. § 3624(c). This may include placement in a community correctional facility, such as an RRC, or in home detention. 18 U.S.C. § 3624(c)(1), (2); 28 C.F.R. § 570.20. The statute provides that placement in pre-release custody is "not to exceed 12 months." 18 U.S.C. § 3624(c)(1). Further, placement in home detention can be for only 10 percent of the inmate's term of imprisonment or 6 months, whichever is shorter. 18 U.S.C. § 3624(c)(2); 28 C.F.R. § 570.21. "The 6 months of home confinement is not additional to the 12 months of prerelease custody." *Guess v. Werlinger*, 421 Fed. Apex. 215, 217 (3d Cir. 2011) (unpublished). Rather, the statute plainly authorizes a maximum of twelve months pre-release custody, either to an RRC, or a combination of RRC and home confinement. 18 U.S.C. § 3624(c). The statute also requires the BOP to assess prisoners for placement in various facilities on an individual basis consistent with five factors set forth in 18 U.S.C. § 3621(b). Importantly, the statute only requires the BOP to *consider* placing an inmate in an RRC for up to twelve-months or in home confinement for up to six months. It does not require that such a placement be made. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). The record reflects that the BOP considered the required factors and recommended that Bennett receive 12 months of RRC placement. Nothing in the Second

Chance Act or § 3621(b) automatically entitles a prisoner to placement in an RRC or home confinement. *See Creager v. Chapman*, 2010 WL 1062610, at *3 (N.D. Tex. March 22, 2010) (citing various cases).

Bennett does not allege that the BOP has failed or refused to evaluate him for placement in an RRC or home confinement; indeed it considered him, and approved 12 months of placement. Instead, he argues that he is eligible for immediate placement, even though his release date is more than 12 months away. Relying on Toole, he argues that the BOP must consider him for immediate release to RRC or home confinement upon completion of RDAP, even if release would exceed the twelve month limitation in § 3624(c)(2). This, however, is not the law. Further, Toole is an unpublished case from a district court in Minnesota, that has never been cited by another court, and is not binding on this court.[1] Bennett has presented no Fifth Circuit cases stating that the time frames set forth in 18 U.S.C. § 3624 are not binding on the BOP.

Even the holding of *Toole* does not support Bennett's argument. That court read § 3624(c)(4) as granting the BOP the authority to consider an inmate who has completed RDAP for placement

---

[1] As mentioned, in reaching its conclusion, the court in *Toole* relied upon the portion of § 3624(c)(4) which states "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of Bureau of Prisons under section 3621." Construing this language very broadly, the court found that it allowed the BOP to consider Toole for immediate placement on home confinement, despite the fact that the explicit language of § 3624(c)(2) only permits placement of an inmate "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Other courts have interpreted the language of § 3624(c)(4) more narrowly, finding only that it reserves to the BOP the discretion during the pre-release period to place an inmate in the particular facility it finds appropriate—not that it trumps the time limits for RRC or home confinement placement specifically set out in (c)(1) and (2). *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992), *cert. denied*, 510 U.S. 830 (1993) ("[n]othing in § 3624(c) indicates any intention to encroach upon the [BOP's] authority to decide where the prisoner may be confined during the pre-release period"). The holding in *Toole* would render the language in 18 U.S.C. § 3624(c)(1) and (2) as surplusage. *Toole* is an outlier and, in this Court's opinion, reads § 3624(c)(4) incorrectly.

on immediate home confinement. *Toole* only held that the BOP had the authority to do so, and the relief granted in that case was to order the BOP to consider whether to place Toole on immediate home confinement. The court did not require that Toole be placed on immediate home confinement. The record here reflects that the BOP has considered Bennett for pre-release placement and has rendered a decision on that point. In the context of a suit like Bennett's the relief which may be granted is an order directing the BOP to perform the individualized consideration required by federal law, and not an order directing that the prisoner be placed in an RRC. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007); *Brown v. Rios*, 2009 WL 5030768, * 8 (D. Minn. Dec. 14, 2009) ("All that the Petitioner is entitled to, under [18 U.S.C. § 3624(c) ] is an individualized evaluation of the appropriate RRC placement . . . in light of the specific factors outlined in Title 18 U.S.C. § 3621(b)."); *Safa v. Phillips*, 2008 WL 2275409, *1 (N.D. W.Va. June 2, 2008) ("Inmates are not entitled to six months CCC placement, rather they are entitled to have their placement considered in accordance with the five factors enumerated in 18 U.S.C. § 3621(b).").

As noted, the record reflects that the BOP has already fully considered Bennett's placement in an RRC and determined that such placement is proper, with twelve months as the appropriate amount of time there. Unlike in *Toole*, Bennett asks the Court to review the BOP's discretionary decision of the length of his placement in RRC. A prisoner's placement in any particular facility is a matter solely within the BOP's discretionary authority. *See Moore v. U.S. Atty. Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *see also Stewart v. Daniels*, 2014 WL 4949884, *1 (E.D. Tex. Sept. 30, 2014) ("The duration of RRC placement is a matter to which the [Bureau of Prisons] retains discretionary authority.").

Additionally, Bennett's claim that he is entitled to more than twelve months of RRC or home confinement is inconsistent with the relevant statute and BOP policy. The Second Chance Act amended 18 U.S.C. § 3624(c) to "authorize[ ] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *See Montes v. Sanders*, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008). Title 18 U.S.C. § 3624(c)(1) states, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Subsection (c)(2) allows the BOP to consider placing a federal inmate ". . . in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." There is no statutory basis for the BOP to grant an inmate pre-release placement for more than twelve months. Before and after passage of the SCA, courts have repeatedly rejected arguments that the statute entitled inmates to any particular amount of time in an RRC, as that decision is left to the discretion of the BOP. *See e.g., Zamarripa v. Peterson*, 105 Fed. Apex. 253, 254 (10th Cir. 2004) (unpublished); *Henderson v. Davis*, 2010 WL 4627802, *3 n.3 (D. Colo. Nov. 8, 2010).

It is also well established that prisoners have no constitutional right to be assigned to a particular institution, facility, or rehabilitative program. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 244–46 (1983); *Meachum v. Fano*, 427 U.S. 215, 228 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Federal prison officials possess "full discretion" "to control [] conditions of confinement," including prisoner classification and eligibility for rehabilitative programs. Moody, 429 U.S. at 88 n.9.  Bennett's claims lack merit and his petition should be denied.

### III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Petitioner Jeffrey Cole Bennett's Petition for Writ of Habeas Corpus (Dkt. No. 1).

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of October, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE